UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Constanzus Marcel Williams,<br><br>                    Plaintiff,<br><br>v.<br><br>Laurens City Police Department Special Response Team;<br>Lt. Walter Bentley;<br>Chief Robin Morse,<br><br>                    Defendant(s). | C/A No. 3:07-00169-TLW-JRM<br><br>REPORT<br>AND<br>RECOMMENDATION |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at the Laurens County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This complaint names the Laurens County Police Department Special Response Team, Lt. Walter Bentley and Chief Robin Morse as defendants.[2] Plaintiff complains of the circumstances involving his arrest and current detention. Plaintiff seeks monetary damages and requests that pending charges related to his alleged crime be dropped. This complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

§ 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

     This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31.  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

     This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

2

Discussion

This § 1983 complaint is subject to summary dismissal because it fails to state a claim on which relief may be granted. Plaintiff states that he is bringing this action because of the circumstances surrounding his arrest and detention. To state a claim for false arrest, plaintiff must claim an arrest made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996) (a public official cannot be charged with false arrest when he makes the arrest pursuant to a facially valid warrant). Plaintiff states that the defendants came to his residence at 6:30 a.m. to serve two arrest warrants. (Compl. at 3.) Plaintiff does not claim the arrest warrants were not facially valid. In fact, plaintiff does not allege any defects in the arrest warrants.[3]

To the extent that plaintiff is seeking monetary damages for false imprisonment, the United States Supreme Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

---

[3] Plaintiff's claim of false arrest appears to be tied to the execution of search warrants which has no bearing on the validity of his arrest warrants.

3

*Id.* at 486-87 (footnote omitted). Although the decision in *Heck* concerned a conviction, its rationale is applicable to pre-trial detainees. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 896 n.8 (7th Cir.2001) (*Heck* bars damages claims which, if successful, would imply the invalidity of a potential conviction on a pending criminal charge); *Smith v. Holtz*, 87 F.3d 108 (3d Cir. 1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction, and as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist"); *Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995) ("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."). A favorable determination on the merits of the plaintiff's claims in this § 1983 action would imply the invalidity of his ongoing criminal proceedings, so the complaint must be dismissed.

Plaintiff states that he is seeking damages for the "slandering of [his] name throughout the newspaper & media." (Compl. at 5.) Because federal jurisdiction does not exist in this case, supplemental jurisdiction for the state law claims does not exist, and the state law claims should also be dismissed. Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Title 28 U.S.C. § 1367(c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be adjudicated. *Id.* This Court should dismiss plaintiff's false arrest/false imprisonment claims, and thus, this Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999)

("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

In addition to seeking monetary damages, plaintiff requests that he "be released from [his] incarceration & charges be non-processed in court" because of alleged defects in his pending state criminal proceedings. (Compl. at 5.) As to this request for injunctive relief, a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that with few exceptions, a federal court should not equitably interfere with state criminal proceedings. The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Id.* at 43-44. From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has discerned the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In this case, plaintiff clearly is involved in an ongoing state criminal proceeding. The second criteria has been addressed by the United States Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for

5

vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Plaintiff's § 1983 complaint should be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at 519; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(i); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

          Respectfully submitted,

          s/Joseph R. McCrorey
          United States Magistrate Judge

February 7, 2007
Columbia, South Carolina

**Plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).